Steve D. PERCELLE, Petitioner–
Appellant,

v.

A.P. KANE, Warden, Respondent–
Appellee.

No. 07–16066.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2010.

Filed Aug. 12, 2010.

Steve D. Percelle, Soledad, CA, pro se.

Michele J. Swanson, Esq., AGCA–Office
of the California Attorney General, San
Francisco, CA, for Respondent–Appellee.

Before: W. FLETCHER and M.
SMITH, Circuit Judges, and TODD,
Senior District Judge.*

* The Honorable James Dale Todd, Senior Unit-
ed States District Judge for the Western Dis-
trict of Tennessee, sitting by designation.

**MEMORANDUM ***

Petitioner Steve D. Percelle, a California
state prisoner, appeals the district court's
denial of his petition for writ of habeas
corpus under 28 U.S.C. § 2254. Petitioner
claims that he was denied his Sixth
Amendment right to represent himself.
We have jurisdiction under 28 U.S.C.
§§ 1291 and 2253. We review de novo the
district court's denial of the petition, *see*
*Collins v. Runnels*, 603 F.3d 1127, 1130
(9th Cir.2010), and we affirm.

Percelle's petition is governed by the
Anti–Terrorism and Effective Death Pen-
alty Act of 1996 ("AEDPA"). Habeas re-
lief is available under AEDPA if the state
court adjudication of a claim "resulted in a
decision that was contrary to, or involved
an unreasonable application of, clearly es-
tablished Federal law, as determined by
the Supreme Court of the United States,"
or "that was based on an unreasonable
determination of the facts in light of the
evidence presented in the State court pro-
ceeding." 28 U.S.C. § 2254(d)(1), (2). In
applying these standards, we look to the
"last reasoned decision" by a state court.
*Maxwell v. Roe*, 606 F.3d 561, 568 (9th
Cir.2010). The last reasoned decision in
this case is the opinion of the California
Court of Appeal.

The court of appeal correctly identified
the governing legal principle, stating that
under *Faretta v. California*, 422 U.S. 806,
95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a
defendant's timely motion for self-repre-
sentation should be granted. However,
*Faretta* did not clearly establish when such
a request is untimely; therefore, "other
courts are free to do so as long as their

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely." *See Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir.2005). The California Supreme Court has held that a *Faretta* motion made "a reasonable time prior to the commencement of trial" is timely. *People v. Windham*, 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187, 1191 (1977).

Here, the court of appeal determined that Percelle's motion, made halfway through trial, was untimely. Thus, his request for self-representation was no longer a matter of right but was subject to the trial court's discretion under California law. That decision was not contrary to, or an unreasonable application of, clearly established federal law. *See Marshall*, 395 F.3d at 1061 ("Because the timing of [the] request fell well inside the 'weeks before trial' standard for timeliness established by *Faretta*, the court of appeal's finding of untimeliness clearly comports with Supreme Court precedent.").

The state court's decision also was not based on an unreasonable determination of the facts, as the California Court of Appeal specifically stated that the parties agreed that Percelle's *Faretta* motion was untimely.

**AFFIRMED.**